UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**12 CV 8779**

-------------------------------------------------------------x

BANAYZ TAVERAS,

        Plaintiff,

   -against-

CITY OF NEW YORK; New York City Police
Department Officer WILLIAM BEATTIE, Shield
# 2878; and New York City Police Officers JOHN
and JANE DOES # 1-10,

        Defendants.

-------------------------------------------------------------x

12 Civ. _____

**COMPLAINT AND DEMAND
FOR JURY TRIAL**



RECEIVED
DEC 04 2012
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiff Banayz Taveras (hereinafter "Ms. Taveras" or "plaintiff"), by her

attorneys Emery Celli Brinckerhoff & Abady LLP, for her Complaint alleges as follows:

## INTRODUCTION

    1.    This is a civil rights action for damages pursuant to 42 U.S.C. § 1983.

While attempting to provide medical assistance to her uncle, who had been shot by a New York

City Police Department ("NYPD") officer and lay bleeding on a street, Ms. Taveras was

subjected to illegal harassment, assault and battery, unlawful arrest and malicious prosecution by

the NYPD.  This Complaint, arising from these outrageous and unlawful acts, seeks

compensatory and punitive damages, costs, disbursements and attorneys' fees pursuant to

applicable state and federal civil rights law.

## PARTIES

    2.    Ms. Taveras is a citizen of the United States.  At all relevant times, she

resided in Manhattan, New York.

3.      Defendant City of New York ("City") is a municipality organized and existing under the laws of the State of New York.  At all relevant times, the City, acting through the NYPD, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel, including the defendants named in this complaint.  In addition, at all relevant times, the City was responsible for enforcing NYPD rules, and for ensuring that NYPD personnel obey the laws of the United States and the State of New York.

4.      At all relevant times hereto, NYPD Officer William Beattie, Shield # 2878, was a police officer in the NYPD, acting in the capacity of agent, servant and employee of defendant City, and within the scope of his employment as such.

5.      At all relevant times, defendants "John/Jane Does 1-10" (the "Doe Defendants"), whose actual names plaintiff has been unable to ascertain notwithstanding reasonable efforts to do so, but who are sued herein by the fictitious designation "John Doe" and "Jane Doe," were police officers in the NYPD, acting in the capacity of agents, servants and employees of defendant City, and within the scope of their employment as such.

6.      Defendant Beattie and the Doe Defendants are referred to collectively as the "Individual Defendants."

**JURISDICTION AND VENUE**

7.      This action arises under the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§ 1983 and 1988 and state common law.

8.      The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a), and the doctrine of supplemental jurisdiction.

9.      The acts complained of occurred in the Southern District of New York and venue is lodged in this Court pursuant to 28 U.S.C. § 1391(b).

## JURY DEMAND

10.     Plaintiff demands trial by jury in this action.

## FACTS

11.     Ms. Taveras lives in the Inwood neighborhood of Manhattan.

12.     Ms. Taveras has been licensed by the State of New York as both a phlebotomist and a medical assistant.

13.     In 2009, Ms. Taveras was involved in an automobile accident in which she tore her rotator cuff and sustained a cervical herniated disc in her neck.

14.     Ms. Taveras has had severe allergic asthma since 2009.

15.     On September 6, 2011, at approximately 5:10 p.m., Ms. Taveras was returning home from her job.

16.     As she was rounding the corner of Dyckman Street and Post Avenue, Ms. Taveras saw her grandmother leaning halfway out of her apartment window, pointing and screaming the name of Ms. Taveras's uncle, John Collado.

17.     Ms. Taveras followed her grandmother's gaze and saw a large number of NYPD officers on Post Avenue.  As she looked closer, she saw that her uncle, Mr. Collado, was lying on the street, evidently injured.

18.     Mr. Collado was not receiving any medical attention.

19.     Ms. Taveras ran toward Mr. Collado.

20.     Ms. Taveras was unarmed.

21.    As Ms. Taveras was approaching Mr. Collado to give him medical attention, a group of approximately four NYPD officers stopped Ms. Taveras and asked her for her identification.

22.    Ms. Taveras complied with the officers' request and produced her identification.

23.    An NYPD officer in a suit approached Ms. Taveras and asked her who she was.

24.    Ms. Taveras informed the officer that she was Mr. Collado's niece and asked him if she could go to her uncle to administer aid.  She also asked the officer why her uncle was not receiving any medical attention.

25.    The officer responded that an ambulance was coming and that she would be able to ride to the hospital in the ambulance with Mr. Collado.

26.    The NYPD officers on the scene would not allow Ms. Taveras to approach her uncle, who was lying on the street bleeding.

27.    As Ms. Taveras was being kept away from her uncle, she observed an NYPD officer kicking her uncle to make sure he was still alive.

28.    Ms. Taveras began shouting out her uncle's medical conditions—such as his implantations and his cervical neck—so that anyone who provided him medical treatment would be aware of them.

29.    As Ms. Taveras was listing Mr. Collado's medical conditions, defendant Beattie, who was standing near Mr. Collado but not providing him with any medical assistance, stated "This fucking cunt, shut her up."

30.     Ms. Taveras then attempted to take out her phone to call 911 in order to secure an ambulance for her uncle.

31.     As Ms. Taveras was taking out her phone, defendant Beattie and approximately five other NYPD officers, Doe Defendants # 1-5, rushed Ms. Taveras and, without her consent, defendant Beattie aggressively and violently struck Ms. Taveras with his forearm, slamming her into the side of a parked car.

32.     Ms. Taveras fell to the ground as a result of defendant Beattie's blow.

33.     While Ms. Taveras was on the ground next to the parked car, defendant Beattie kicked her multiple times around her ribs.

34.     Ms. Taveras got back on her feet and again attempted to call 911.

35.     Again, defendant Beattie and Doe Defendants # 1-5 rushed Ms. Taveras and defendant Beattie slammed Ms. Taveras into a parked car causing her severe pain and causing her to fall to the ground.

36.     While Ms. Taveras was on the ground, defendant Beattie again kicked Ms. Taveras multiple times around her ribs.

37.     Ms. Taveras managed to pull herself to her feet again, without aid from any NYPD personnel, and noticed that her uncle was finally receiving treatment from some EMTs.

38.     She approached the area where her uncle was being treated and began yelling out his medical conditions for the benefit of the treating EMTs.

39.     As her uncle was being placed in the back of an ambulance, Ms. Taveras, who was her uncle's official medical proxy, attempted to enter the ambulance with her uncle.

5

40.     Doe Defendant # 6 aggressively told her she could not, stating in sum and substance, "Close the door.  There's no room for you."

41.     As the ambulance door was being slammed in Ms. Taveras's face, defendant Beattie approached Ms. Taveras from the side.

42.     Defendant Beattie asked an NYPD officer who appeared to be a supervisor, Doe Defendant # 7, "Can I take this bitch down?"

43.     Doe Defendant # 7 responded, "Go for it."

44.     Defendant Beattie proceeded to forcefully grab Ms. Taveras's shoulders and swing her into the side of a NYPD vehicle.

45.     Defendant Beattie then slammed Ms. Taveras, face-down, on the top of the vehicle, causing her severe pain in her back.

46.     Defendant Beattie placed Ms. Taveras under arrest and put handcuffs on her, securing her arms behind her back.

47.     Ms. Taveras protested to defendant Beattie that she had several longstanding injuries, including a torn rotator cuff, and that she was wearing a back brace at the time.

48.     Defendant Beattie responded, "Good for you, bitch," and tightened the handcuffs around Ms. Taveras's wrists so hard that she began to bruise.

49.     Defendant Beattie then shoved Ms. Taveras into the back of an NYPD vehicle in an extremely uncomfortable position.

50.     Because her hands were restrained behind her back and because of the manner in which she was forced to sit in the back of the NYPD vehicle, Ms. Taveras began experiencing severe pain and cramping in her shoulder and neck.

51.     Ms. Taveras remained alone in the back of the NYPD vehicle in severe pain for an extended period of time.

52.     Eventually, two uniformed NYPD officers, Doe Defendants # 8 and 9 drove Ms. Taveras to the NYPD's 34th Precinct.

53.     While she was being driven to the 34th Precinct, Ms. Taveras requested multiple times that she be repositioned so as to relieve her from some of the extreme pain she was experiencing.

54.     Doe Defendants # 8 and 9 repeatedly refused Ms. Taveras's requests.

55.     When they arrived at the 34th Precinct, Ms. Taveras was in such severe pain as a result of the manner in which she had been handcuffed and placed in the vehicle that she could not move.

56.     As she was being taken out of the NYPD vehicle, Ms Taveras collapsed.

57.     When Ms. Taveras entered the precinct, she asked, "Why am I here?  Did I commit a crime?  Am I formally being charged with anything?"

58.     Doe Defendant # 10 responded, "Well, bitch, you're in this house.  You have no rights.  Just shut up."

59.     Ms. Taveras was processed and led into a cell.

60.     In the cell, Ms. Taveras asked to speak to her lawyer.

61.     Doe Defendant # 10 responded, "Fuck you, bitch.  You can rot in there for all that I care."

62.     Ms. Taveras was never told what the charges against her were.

63.     Ms. Taveras was never read her *Miranda* rights.

64.     Ms. Taveras was transported between the 34th Precinct and Manhattan Central Booking multiple times.

65.     Ms. Taveras was eventually taken to Bellevue Hospital Center because her severe allergic asthma had been triggered by the metal in her handcuffs and because her wrists and ankles were severely swollen and bruised as a result of being shackled.

66.     After Ms Taveras was released from Bellevue Hospital Center, she was brought to another NYPD Precinct in Manhattan and held there overnight.

67.     Ms. Taveras was in custody for approximately 18 hours.

68.     Ms. Taveras was arraigned on September 7, 2012.

69.     Ms. Taveras had to appear in court two additional times to contest the unwarranted and unlawful charges against her.

70.     The criminal charges against Ms. Taveras were dismissed on January 11, 2012 pursuant to N.Y. C.P.L. § 30.30.

71.     The Individual Defendants' actions constituted outrageous conduct, were reckless, and demonstrated a callous indifference to and willful disregard of plaintiff's federal and state protected rights.

72.     Ms. Taveras experienced severe conscious pain, suffering and fear as she was being repeatedly assaulted by defendant Beattie and the Doe Defendants.

73.     Ms. Taveras was working toward achieving an Associate's degree in nursing at the City University of New York's LaGuardia Community College until she was forced to withdraw because of the psychological and physical trauma caused by the events detailed in this Complaint.

74.     As a direct and proximate result of defendants' actions, Ms. Taveras suffered severe physical and emotional injury, pain and suffering.

75.     The acts of the Individual Defendants were reckless, willful, wanton, and malicious, thus entitling plaintiff to an award of punitive damages.

76.     Within ninety days after the claims alleged in this Complaint arose, a written notice of claim, sworn to by the claimant, was served upon the defendants by personal delivery of the notice, in duplicate, to the Comptroller's Officer at 1 Centre Street, New York, New York.

77.     At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

78.     This action was commenced within one year and ninety days after the happening of the events upon which the claims are based.

### AS AND FOR A FIRST CLAIM FOR RELIEF
42 U.S.C. § 1983
(Against All Individual Defendants)

79.     Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

80.     By reason of the foregoing, by confining Ms. Taveras against her will, by using gratuitous, excessive, and unconscionable force against Ms. Taveras, by failing to prevent their fellow officers from doing the same, by preventing Ms. Taveras from meeting with her attorney after she had requested to do so, and by maliciously prosecuting Ms. Taveras, the Individual Defendants deprived Ms. Taveras of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, including but not limited to, rights guaranteed by the Fourth and Fourteenth Amendments of the United States

Constitution.  The Individuals Defendants' conduct manifested deliberate indifference to Ms. Taveras's constitutional rights.

81.     In addition, the Individual Defendants conspired among themselves to deprive Ms. Taveras of her constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

82.     The Individual Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as NYPD officers.  Said acts by the Individual Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers.  The Individual Defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution.

83.     As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

### AS AND FOR A SECOND CLAIM FOR RELIEF
Assault
(Against All Defendants)

84.     Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

85.     By reason of the foregoing, and by threateningly approaching Ms. Taveras and aiming to punch and kick her, defendant Beattie, acting in his capacity as an NYPD officer, and within the scope of his employment as such, intentionally placed Ms. Taveras in apprehension of imminent offensive contact, and displayed the ability to effectuate such contact,

and thereby committed a willful, unlawful, unwarranted, and intentional assault upon Ms. Taveras.

86.     By being present, failing to intervene, and aiding and abetting defendant Beattie in assaulting Ms. Taveras, the Doe Defendants substantially assisted defendant Beattie in the assault of Ms. Taveras, and were aware of their role as part of this tortious activity.

87.     The assault committed by the Individual Defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers, and constituted an unreasonable and excessive use of force.

88.     Defendant City, as employer of the Individual Defendants, is responsible for the Individual Defendants' wrongdoing under the doctrine of *respondeat superior*.

89.     As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

### AS AND FOR A THIRD CLAIM FOR RELIEF
Battery
(Against All Defendants)

90.     Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

91.     By reason of the foregoing, and by intentionally kicking, grabbing, pushing and punching Ms. Taveras, defendant Beattie, acting in his capacity as an NYPD officer, and within the scope of his employment as such, committed a willful, unlawful, unwarranted, and intentional battery upon Ms. Taveras.

92.     By being present, failing to intervene, and aiding and abetting defendant Beattie in battering Ms. Taveras, the Doe Defendants substantially assisted defendant Beattie in the battery of Ms. Taveras, and were aware of their role as part of this tortious activity.

93.     The battery committed by the Individual Defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers, and constituted an unreasonable and excessive use of force.

94.     Defendant City, as employer of the Individual Defendants, is responsible for the Individual Defendants' wrongdoing under the doctrine of *respondeat superior*.

95.     As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

**AS AND FOR A FOURTH CLAIM FOR RELIEF**
False Arrest and Imprisonment
(Against All Defendants)

96.     Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

97.     By reason of the foregoing, and by wrongfully and illegally arresting, detaining and imprisoning Ms. Taveras, the Individual Defendants, under pretense and color of state law and acting within the scope of their employment as NYPD officers, falsely arrested and falsely imprisoned Ms. Taveras.

98.     The Individual Defendants' wrongful, unjustifiable, and unlawful apprehension, arrest, and detention of Ms. Taveras were intentional, and carried out with Ms. Taveras's knowledge but without her consent.  The Individual Defendants lacked probable cause or any other basis in law to arrest or imprison Ms. Taveras.  At all relevant times, the Individual Defendants acted forcibly in apprehending and arresting Ms. Taveras.

99.     The Individual Defendants acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of Ms. Taveras's rights,

12

privileges, welfare, and well-being, and are guilty of egregious and gross misconduct toward Ms.

Taveras.

100.    Defendant City, as employer of the Individual Defendants, is responsible

for the Individual Defendants' wrongdoing under the doctrine of *respondeat superior*.

101.    As a direct and proximate result of the misconduct and abuse of authority

detailed above, plaintiff sustained the damages hereinbefore alleged.

**AS AND FOR A FIFTH CLAIM FOR RELIEF**
Malicious Prosecution
(Against Defendants City and Beattie)

102.    Plaintiff repeats and realleges the foregoing paragraphs as if the same

were fully set forth at length herein.

103.    Defendant Beattie, without probable cause, charged Ms. Taveras with

Obstruction of Governmental Administration in the Second Degree, Resisting Arrest and

Disorderly Conduct.  In so doing, defendant Beattie acted with a knowing, willful, wanton,

grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of Ms.

Taveras's rights, privileges, welfare and well-being, and is guilty of egregious and gross

misconduct toward Ms. Taveras.

104.    The criminal charges against Ms. Taveras were dismissed pursuant to

N.Y. C.P.L. § 30.30.

105.    Defendant City, as employer of defendant Beattie, is responsible for

defendant Beattie's wrongdoing under the doctrine of *respondeat superior*.

106.    As a direct and proximate result of the misconduct and abuse of authority

detailed above, plaintiff sustained the damages hereinbefore alleged.

## AS AND FOR A SIXTH CLAIM FOR RELIEF
Negligent Hiring/Training/Discipline/Retention of Employment Services
(Against Defendant City)

107.    Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

108.    Defendant City, through the NYPD, owed a duty of care to Ms. Taveras to prevent the conduct alleged, because under the same or similar circumstances, a reasonable, prudent, and careful person should have anticipated that injury to Ms. Taveras or to those in a like situation would probably result from the foregoing conduct.

109.    Upon information and belief, all of the Individual Defendants were unfit and incompetent for their positions.

110.    Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the Individual Defendants were potentially dangerous.

111.    Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these Individual Defendants proximately caused Ms. Taveras's injuries.

112.    As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

WHEREFORE, plaintiff respectfully requests judgment against defendants as follows:

(A)     an order awarding compensatory damages in an amount to be determined at trial;

(B)     an order awarding punitive damages against the Individual Defendants only in an amount to be determined at trial;

(C)     reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

(D)     directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.


Dated: December 3, 2012
       New York, New York


                              EMERY CELLI BRINCKERHOFF
                                 & ABADY LLP

                              75 Rockefeller Plaza, 20th Floor
                              New York, N.Y. 10019
                              (212) 763-5000 (t)
                              (212) 763-5001 (f)

                              By: _____
                                    Matthew D. Brinckerhoff
                                    Jonathan S. Abady
                                    Samuel Shapiro

                              *Attorneys for Plaintiff*